**Cite as:  Opinion No. 94-007 (January 26, 1994) (unpublished)**


**SHERIFFS ) AUTHORITY OF PRINCE GEORGE'S COUNTY
DEPUTY SHERIFF TO PREPARE INITIAL POLICE REPORT**


January 26, 1994

*Mr. Alonzo D. Black*
*Assistant Sheriff*
*Prince George's County*

You have requested our opinion whether a deputy sheriff in Prince George's County may prepare an initial police report at the request of the Prince George's County Police Department, or whether that activity is barred by §2-309(r)(8)(v) of the Courts and Judicial Proceedings ["CJ"] Article, Maryland Code, which precludes the Sheriff's office from "conduct[ing] criminal investigations ...."

For the reasons stated below, we conclude that a deputy sheriff may prepare an initial police report at the request of the Prince George's County Police Department.  This activity is not precluded by CJ §2-309(r)(8)(v).


# I

## Background

When Prince George's County deputy sheriffs are on assignments performing regular duties (for example, warrant service, summons service, and court duty) or, more typically, when they are working part-time jobs providing security for housing and apartment developments, they often confront violations of the law that necessitate a police report.  A deputy who reports these violations to the Prince George's County Police Department or other local authorities is often requested to write the initial police report and to forward the report to the appropriate law enforcement agency.


# II

## Analysis

Article IV, §44 of the Maryland Constitution provides for an elected sheriff in each county "to exercise such powers and perform such duties" as are "fixed by law."  Thus, sheriffs are constitutional officers, but their powers and duties are not defined in the Constitution.  *See Soper v. Montgomery County*, 294 Md. 331, 449 A.2d 1158 (1982).  Rather, sheriffs retain common law

powers that remain enforceable until they are removed by an Act of Legislature. *Soper*, 294 Md. at 337; *Beasley v. Ridout*, 94 Md. 655-57 (1902).

At common law, the sheriff's powers included conserving public peace and order; preventing and detecting crime; enforcing criminal laws by, among other things, raising a posse and arresting persons who commit crimes in the sheriff's presence; providing security for the courts; serving criminal warrants and other writs and summonses; and transporting prisoners. *South v. Maryland*, 59 U.S. 396 (1856); *Soper*, 294 Md. at 336-37; 79 *Opinions of the Attorney General* ___ (1994) [Opinion No. 94-003 (January 7, 1994)]. However, the Prince George's County Sheriff's powers are restricted by CJ §2-309, which defines the scope of the Prince George's County Sheriff's duties as a law enforcement officer. These duties with respect to criminal investigations became even more restrictive with the 1980 enactment of CJ §2-309(r)(8)(v), which provides that "[n]either the Sheriff of Prince George's County nor any of his deputies shall conduct criminal investigations, except in matters concerning the Sheriff's department or upon request of the courts."

The term "criminal investigation" is not defined in this statute. The Maryland Rules of Procedure offers a limited definition of a criminal investigation to mean "an inquiry into alleged criminal activity conducted by a grand jury or by a State's Attorney pursuant to Article 10, §39A." Maryland Rule 4-641 (1993). This definition is limited to circuit court procedures, however. Moreover, while §18-116(a) of the Prince George's County Code addresses the conduct of criminal investigations by the Prince George's County State's Attorney's Office, this provision does not go beyond the authorization of such activity to define its specific elements. We are left, therefore, to evaluate the commonly recognized elements of a criminal investigation in order to determine if preparation of an initial police report would fulfill what one would reasonably and customarily consider to be tantamount to "conduct[ing] a criminal investigation."

Although we are not prepared to set forth any fixed list of elements constituting the conduct of a criminal investigation, we believe that the "conduct" of a criminal investigation would have at a minimum, more than the element of writing an initial police report, which we envision as simply setting out the facts about an incident. Additionally, the fact that the limitation set forth in CJ §2-309(r)(8)(v) was not enacted until general law enforcement became vested in the county police department supports the view that the Sheriff and his deputies could, at the request of the county police, prepare an initial police report about an incident it observed and submit it to the county police. This limited action would not be inconsistent with the legislative objective of limiting the "conduct" of a criminal investigation to the county police and not the sheriff.

## III

## Conclusion

In summary, it is our opinion that a deputy sheriff's preparation of an initial police report at the request of the Prince George's County Police Department is permissible and not precluded under CJ §2-309(r)(8)(v).

J. Joseph Curran, Jr.
*Attorney General*


Romaine N. Williams
*Special Assistant to the Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*